IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



YOSVAN HUERTA, §
 §
 Movant, §
 §
 §
VS. § NO. 4:04-CR-192-A
 § (No. 4:07-CV-254-A)
UNITED STATES OF AMERICA §
 §
 Respondent. §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Yosvan Huerta ("Huerta") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the government's response, the record, and applicable legal authorities, the court concludes that such motion should be denied.

I.

Background

On February 10, 2005, Stinnett was named in an information charging him with the following: Count one, possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii)(II); and Count two, possession of a firearm in furtherance of a drug trafficking crime, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and 2. Huerta pleaded guilty to counts one and two on February 11, 2005, and on June 9, 2005, he was sentenced to a term of imprisonment of 248 months to be followed by a term of supervised release of four years. The Fifth Circuit Court of

Appeals affirmed the sentence on May 10, 2006. Huerta timely submitted his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 on April 26, 2007.

II.

Grounds of the Motion

Huerta asserts one ground for relief -- ineffective assistance of counsel. Huerta claims that the legal representation given by his counsel fell below a reasonable standard in violation of his right to effective counsel in two ways: (1) failing to advise him that evidence seized from his home could be connected to the crime and considered for purposes of sentencing; and (2) inducing him to plead guilty to the charge of possession of a firearm in furtherance of a drug trafficking crime without first determining that a factual basis indeed existed to support such charge. Huerta maintains that counsel's conduct was deficient and rendered his guilty plea unknowing and involuntary.

III.

Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude

only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).

IV.

Analysis

A. Legal Standards

To prevail on an ineffective assistance of counsel claim, movant must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). This standard applies regardless of whether movant pleaded guilty or not guilty. Hill v. Lockhart, 474 U.S. 52, 58 (1985). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Judicial scrutiny of this type of claim must be highly deferential and the movant must overcome a strong presumption that his counsel's conduct falls

3

range of reasonable professional assistance. Id. at 689. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." U.S. v. Stewart, 207 F.3d 750, 751 (2000). Here, the record is clearly adequate to fairly dispose of the claim of ineffective assistance. Hence, further inquiry is unnecessary. Baldwin v. Maggio, 704 F.2d 1325, 1329 (5th Cir. 1983).

"A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." Montoya v. Johnson, 226 F.3d 399, 405 (5th Cir. 2000). This requires that defendant have "a full understanding of what the plea connotes and of its consequence." Boykin v. Alabama, 395 U.S. 238, 244 (1969). However, defendant "need only understand the direct consequence of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur." United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000). "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged." Barbee v. Ruth, 678 F.2d 634, 635 (5th Cir. 1982).

B. Counsel's Purported Failure to Investigate

Huerta maintains that his counsel's assistance was ineffective and that his plea was not knowing and voluntary because he never stipulated to the fact that the money seized by the government belonged to him. He argues that his counsel

4

should have conducted a more thorough investigation to ascertain that such money actually belonged to Huerta's co-defendant.

The court concurs with the government that any failure of Huerta's counsel to determine that the seized cash was owned by Huerta's co-defendant had no bearing on whether his plea was knowing and voluntary. Huerta was told at rearraignment that, in determining his sentence, the court may consider facts that he had not stipulated to. See Tr. of Rearraignment Hr'g at 10. Huerta represented to the court that he completely understood the consequences of signing the guilty plea. Id. at 14-15. Further, Huerta was aware of the direct consequences of his plea as he testified that he understood that, by pleading guilty, he was subjecting himself to a possible term of life imprisonment and a fine of $2,000,000. Id. at 34-38. The court found that Huerta was competent to enter a guilty plea and that such plea was knowing and voluntary. Id. at 51. Because the court remains satisfied that Huerta's guilty plea was knowing and voluntary, it rejects any claim that such plea resulted from ineffective counsel.

B. Counsel's Purported Improper Inducement

Huerta's second claim of ineffective assistance is that his counsel improperly induced him to plead guilty to the § 924(c) firearm charge without first checking on the government's factual basis for charging him with such crime. Huerta maintains that his counsel was wrong in telling him that there was no defense to the charge because the firearm was without a clip and was taken

5

by the government from his girlfriend's car rather than from the location where Huerta was found with the drugs.

Huerta's argument is misplaced. The fact that the firearm was inoperable and that it was seized from a different location than where Huerta was arrested are irrelevant to the legal sufficiency of the facts to support the government's charge. See United States v. Coburn, 876 F.2d 372, 375 (5th Cir. 1989)(stating that "[t]he fact that a firearm is unloaded or inoperable does not insulate the defendant from the reach of section 924(c)"); United States v. Capote-Capote, 946 F.2d 1100, 1104 (5th Cir. 1991)(holding that "[t]he fact that the defendant is arrested in a different place from where the weapon is found is legally insignificant"). Thus, Huerta's counsel's advice that there was no defense to the charge was not deficient and he did not improperly induce Huerta to accept the plea agreement.

VI.

ORDER

For the reasons discussed above,

The court ORDERS that Huerta's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED July 31, 2007.

JOHN McBRYDE
United States District Judge

6